1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9
10

EDWARD LINDSEY,

No. C 11-0638 SI (PR)

Petitioner,

**ORDER DENYING POST-JUDGMENT MOTION;**

11
12

v.

ANTHONY HEDGPETH,

**ORDER REVOKING IN FORMA PAUPERIS STATUS**

13

Respondent.

14
15

_____/

16      This closed federal habeas corpus action is on appeal. Petitioner's motion for an

17 extension of time to file an appeal (Docket No. 26), and his motion to reopen the time to file

18 an appeal and for reconsideration (Docket No. 27), are DENIED as moot because he has filed

19 a notice of appeal, which has been sent to the Court of Appeals. His motion for a certificate

20 of appealability (Docket No. 29) is DENIED as moot, the Court having denied such

21 certificate in its order denying the petition.

22      Petitioner's motion for the appointment of counsel (Docket No. 30) is DENIED.

23 There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d

24 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to

25 appoint counsel to represent a habeas petitioner whenever "the court determines that the

26 interests of justice so require" and such person is financially unable to obtain representation.

27 The decision to appoint counsel is within the discretion of the district court, *see Chaney v.*

28 *Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional

United States District Court
For the Northern District of California

circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting the appointment of counsel.

Petitioner's motion to proceed *in forma pauperis* on appeal (Docket No. 32) is DENIED. There are no valid grounds on which an appeal can be based. Consequently, the Court certifies that any appeal taken from the judgment and order denying the petition will not be taken in good faith and is therefore frivolous. Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674–75 (1958); *Hooker v. American* Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). Accordingly, petitioner's IFP status is hereby REVOKED. The Clerk shall forthwith notify petitioner and the Court of Appeals of this order. *See* FRAP 24(a)(4). Petitioner may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this order. *See* FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

The Clerk shall terminate Docket Nos. 26, 27, 29, 30 and 32.

**IT IS SO ORDERED**.

DATED: December 3, 2012

SUSAN ILLSTON
United States District Judge