UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD LINDSEY,

    Petitioner,

v.

ANTHONY HEDGPETH,

    Respondent.
                                             /

No. C 11-0638 SI (PR)

**ORDER DENYING THIRD MOTION TO REOPEN**

This is a closed federal habeas corpus action. The petition was denied and judgment was entered in favor of respondent on July 10, 2012. Petitioner appealed. The Ninth Circuit Court of Appeals denied petitioner's request for a Certificate of Appealability on July 24, 2013, and issued its mandate on July 30, 2013. On March 14, 2014, the appellate court also denied his application to file a second or successive petition.

Petitioner now moves for a third time to reopen the action, this time under Federal Rule of Civil Procedure 60(b), and to raise new claims. (Docket No. 44.) He alleges that his lack of expertise in the law and the poor quality of the prison law library prevented him from raising these claims in the "petition" he filed on "2-15-2012," when his habeas petition proceedings were active in this Court.[1] (*Id.* at 3.)

---

[1] The traverse, not the petition, is the only filing that matches this description. (Docket No. 11.)

This motion is DENIED. "Habeas corpus petitioners cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Calderon v. Thompson*, 523 U.S. 538, 547 (1998)). A legitimate Rule 60(b) motion "attacks . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). A second or successive petition is a filing that contains one or more claims asserted as the basis for relief from a state court's judgment of conviction. *Id.* "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones*, 733 F.3d at 834 (quoting *Gonzalez*, 545 U.S. at 532 n.5). Such a motion "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzales*, 545 U.S. at 531.

Petitioner's Rule 60(b) motion is in truth a disguised section 2254 petition. None of his arguments amounts to an allegation of a "defect in the integrity of the federal habeas proceedings" that constitutes legitimate grounds for a Rule 60(b) motion. *Id.* at 530. Rather, he wishes to raise, as he puts it, "new and exhausted claims." (Docket No. 44-1 at 7.) His lack of legal knowledge and an allegedly inadequate law library are not defects in the integrity of this Court's denial of his habeas petition. His filing, then, must be treated as a second or successive petition.

In order to file a second or successive petition, petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition, or show there is either a new rule of constitutional law made retroactive by the U.S. Supreme Court, or there are newly discovered facts. *See* 28 U.S.C. § 2244(b)(2), (3)(A). First, petitioner has not shown that he has obtained the Ninth Circuit's authorization. Second, he has not shown that there is a new rule of constitutional law applicable to him. Third, the new claims are not based on newly discovered facts, but rather on ones well-known to him at the time of his state court proceedings.

Insofar as the filing is a Rule 60(b) motion, it is DENIED. Insofar as the filing is a second or successive petition, it is DISMISSED.

The Clerk shall terminate Docket No. 44.

**IT IS SO ORDERED**.

DATED: January 28, 2016

_____
SUSAN ILLSTON
United States District Judge